# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GEORGE WHEELER, et al.,

    Plaintiffs,

v.                                          CIV-01-1164 WJ/WWD

TERRY SCARAFIOTTI, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT NO. II

THIS MATTER comes before the Court pursuant to Defendants' Joint Motion for Partial Summary Judgment No. II: Dismissal of Plaintiffs' Malicious Prosecution Claims Based on the Bar Imposed by Heck v. Humphrey [Docket No. 24]. Having reviewed the submissions of the parties and the relevant law, the Court finds the motion is well-taken and shall be granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs did not dispute any of Defendants' Undisputed Material Facts. Therefore, for purposes of this motion, these facts are deemed admitted. On September 17, 2000, Plaintiffs George Wheeler and Brad Alpers and two minors were in Socorro County, New Mexico to take the children antelope hunting. The children and Alpers were riding in the back of a pickup owned and driven by Wheeler. One of the children shot at an antelope from the back of the truck.

Unknown to Plaintiffs, New Mexico Game and Fish Department Officers, one of whom is Defendant Scarafioti, were watching Plaintiffs from a distance of approximately one mile. Plaintiff began to drive slowly away from the place where the child had taken a shot at an antelope. The officers began to drive after the Plaintiffs. Plaintiffs were unaware that the

Defendants were pursuing them. The officers failed to maintain visual contact with Plaintiffs and lost track of them for a time. The Officers regained visual contact with Plaintiffs and were eventually able to come up behind the truck. Mr. Wheeler stopped his truck.

At this time, Alpers was riding in the cab and only the children remained in the back of the truck. The Officers crouched behind the doors of their vehicle and screamed at the Plaintiffs to raise their hands above their heads. The Officers accused Wheeler of attempting to evade and elude them. Officer Scarafioti cited Wheeler for the crime of evading, eluding and obstructing an officer in the course of his duties. Wheeler was also cited for the crime of aiding and abetting the child in firing from a vehicle and for driving off of an established road. Wheeler was convicted on the charge of driving off of an established road. Wheeler was found not guilty on the charges of aiding and abetting and evading, eluding and obstructing.

The Complaint alleges that Officer Scarafioti knowingly made statements in his report that were not true in his effort to obtain a conviction of Wheeler. Scarafioti also allegedly attempted to convince his fellow officer to alter his report to corroborate Scarafioti's report. Finally, at the criminal trial, Scarafioti allegedly made knowingly false statements in an attempt to obtain a conviction of Wheeler for evading, eluding, and obstructing.

In Count I of Plaintiffs' Complaint, Plaintiffs allege that George Wheeler has a fundamental right, protected by the Fourteenth Amendment, not to be falsely accused of criminal activity by Officer Scarafioti. Plaintiffs specifically allege that Scarafioti knowingly falsified his report, attempted to have his fellow officer falsify his report and attempted to obtain a conviction through the use of perjured testimony. The Complaint further alleges that Defendant Barncastle of the New Mexico Game and Fish Department knew or had reason to know that Scarafioti had

2

falsified his report and used perjured testimony in an attempt to convict Wheeler of the charge of evading, eluding, and obstructing an officer. Finally, the Complaint alleges that Defendant Bell, Director of the New Mexico Game and Fish Department also knew or had reason to know of Scarafioti's actions. Defendants filed the instant motion arguing that the principles laid down in Heck v. Humphrey, 512 U.S. 477 (1994), bars Plaintiffs' claims alleged in Count I.

**DISCUSSION**

In Heck v. Humphrey, the Supreme Court addressed the question of when a person convicted of a state criminal charge may bring a Section 1983 claim relating to his or her conviction or sentence. The Court held that when a such a person seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the underlying conviction. Id. at 487. If a judgment in favor of the plaintiff would necessarily imply the invalidity of the underlying conviction, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. If, however, the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed. Id.

Defendants argue that Heck v. Humphrey bars Plaintiff Wheeler's claims in Count I because Plaintiff Wheeler was convicted of one of the charges against him at trial. In response, Plaintiff Wheeler argues that his claims are not barred because he is not challenging the conviction for driving off road but is challenging the actions of the officers with regard to the charge for which he was acquitted. Wheeler contends that a finding that his claims are barred by Heck v. Humphrey would permit law enforcement officers to avoid liability for egregious conduct in

attempting to prosecute serious crimes so long as a conviction is obtained for any minor charge. As an example, Plaintiff hypothetically compares his case to a case in which a person is convicted of running a red light, and law enforcement thereby avoids civil liability for falsifying reports and obtaining perjured testimony in an attempt to prosecute the person for murder.

Plaintiff's hypothetical is not comparable to this case. In Plaintiff's hypothetical, the person charged with criminal conduct is convicted of a crime that is severable and unrelated to the crime for which he was presumably acquitted. Attacking the validity of the processes used to prosecute the capital crime does not necessarily call into question the validity of the conviction for the unrelated misdemeanor. In Plaintiff Wheeler's case, however, the charges were not severable and unrelated. They all arose from the same events and were prosecuted based on the same finding of probable cause and the same testimony at trial. If Wheeler is successful in convincing a jury that law enforcement officers falsified reports in order to prosecute a charge of evading, eluding and obstructing, and that the prosecution of this charge involved perjured testimony, the conviction for driving off road would necessarily be called into question because it was based on the same information and the same testimony.

Thus, Plaintiff's claims in Count I are barred in accordance with Heck v. Humphrey. Plaintiff may not bring a claim for damages under Section 1983 such as the claims brought in Count I unless and until Plaintiff can demonstrate that his conviction for driving off road has been invalidated. Id. Plaintiff's cause of action will not accrue until such time as the conviction is invalidated, and the applicable statute of limitations will not begin to run until that time. Beck v. City of Muskogee Police Dept., 195 F.3d 553 (10th Cir. 1999).

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' claims in Count I of the Complaint are hereby DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE