IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE WHEELER, et al.,

    Plaintiffs,

v.                                                                      CIV-01-1164 WJ/WWD

TERRY SCARAFIOTTI, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT NO. I**

THIS MATTER comes before the Court pursuant to Defendants' Joint Motion for Partial Summary Judgment No. I: Dismissal of Plaintiffs' Fourth Amendment Excessive Force Claims on the Basis of Qualified Immunity and Assault Claims [Docket No. 23]. Having reviewed the submissions of the parties and the relevant law, the Court finds the motion is well-taken and shall be granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs did not dispute any of Defendants' Undisputed Material Facts. Therefore, for purposes of this motion, these facts are deemed admitted. On September 17, 2000, Plaintiffs George Wheeler and Brad Alpers and two minor children were in Socorro County, New Mexico antelope hunting. The children and Alpers were riding in the back of a pickup owned and driven by Wheeler. One of the children shot at an antelope from the back of the truck.

Unknown to Plaintiffs, New Mexico Game and Fish Department Officers, one of whom is Defendant Scarafiotti, were watching Plaintiffs from a distance of approximately one mile away. Plaintiff began to drive slowly away from the place where the child had taken a shot at an

antelope.  The officers began to drive after the Plaintiffs.  Plaintiffs were unaware that the Defendants were pursuing them.  The officers failed to maintain visual contact with Plaintiffs and lost track of them for a time.  The officers regained visual contact with Plaintiffs and were eventually able to come up behind the truck.  Mr. Wheeler stopped his truck.

At this time, Alpers was riding in the cab and only the children remained in the back of the truck.  Alpers exited the truck to find out what the officers wanted.  The officers crouched behind the doors of their vehicle with their hands on or near their weapons and screamed at the Plaintiffs to raise their hands above their heads.  Neither of the officers drew or brandished their weapons.  The officers threatened to arrest Alpers without having justification or cause to do so.  The officers accused Wheeler of attempting to evade and elude them.  Officer Scarafiotti cited Wheeler for the crime of evading, eluding and obstructing an officer in the course of his duties.  Wheeler was also cited for the crime of aiding and abetting the child in firing from a vehicle and for driving off of an established road.  Wheeler was convicted in state district court on the charge of driving off of an established road.  Wheeler was found not guilty on the charges of aiding and abetting and evading, eluding and obstructing.

The Complaint alleges that Officer Scarafiotti used excessive force and assaulted all four of the Plaintiffs by placing his hand on or near his gun, screaming at the Plaintiffs to raise their hands over their heads and acting in a threatening manner.  Plaintiffs contend that Officer Scarafiotti gave the appearance of intending to commit a battery upon the Plaintiffs without provocation and that Plaintiffs were placed in great fear of bodily harm and suffered severe emotional distress and anxiety.

In Count II of Plaintiffs' Complaint, Plaintiffs allege that Defendant Scarafiotti committed

an assault upon the Plaintiffs. The Complaint also appears to allege an excessive force claim for violation of the Plaintiffs' Fourth Amendment rights. Defendants filed the instant motion arguing that the Defendant officers' actions were objectively reasonable under the circumstances such that no Fourth Amendment violation occurred, and that Defendants are entitled to qualified immunity.

**LEGAL STANDARD**

The defense of qualified immunity is designed to shield public officials from erroneous suits as well as liability and protects all but the plainly incompetent or those who knowingly violate the law. Holland v. Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001); Hinton v. City of Elwood, Kansas, 997 F.2d 774, 779 (10th Cir. 1993). For this reason, special standards apply to a summary judgment motion raising the defense of qualified immunity. Hinton, 997 F.2d at 779. When a defendant asserts a qualified immunity defense, Plaintiff bears the initial burden of making two showings. Holland, 268 F.3d at 1185. First, a plaintiff must show that a defendant's alleged actions violated a constitutional or statutory right. Id. The Court, in determining whether this showing is made, must assess whether the facts, taken in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional or statutory right. Id. If a favorable view of the alleged facts shows the violation of a constitutional or statutory right, the plaintiff must then show that the right was clearly established at the time the allegedly wrongful conduct occurred. Id. at 1186. The contours of the right must have been sufficiently clear at the time such that a reasonable official would have understood that his or her conduct was unlawful. Id. A constitutional right is clearly established for qualified immunity purposes when there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains. Camfield v. City of

3

Oklahoma City, 248 F.3d 1214, 1228 (10th Cir. 2001).  If a plaintiff makes the required showings, the burden then shifts back to the defendant to make the usual showing required of defendants moving for summary judgment.  Hinton, 997 F.2d at 779.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The burden of showing an absence of a genuine issue of material fact falls upon the moving party.  See Adler v. Wal-Mart Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  However, when the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by pointing out to the Court that there is an absence of evidence to support the nonmoving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Adler, 144 F.3d at 671.  The nonmoving party must then go beyond the pleadings to set forth specific facts showing that there is a genuine issue for trial sufficient to support a verdict for the nonmovant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  All reasonable factual inferences must be drawn in favor of the nonmoving party. Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000); Curtis v. Oklahoma City Public Sch. Bd. of Ed., 147 F.3d 1200, 1214 (10th Cir. 1998).  However, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case.  Bausman v. Interstate Brands Corp., 252 F.3d 1111 (10th cir. 2001).

**DISCUSSION**

I.  SUMMARY JUDGMENT ON FOURTH AMENDMENT EXCESSIVE FORCE CLAIM

    A.  <u>Plaintiff's Burden of Showing That Defendants' Alleged Actions Amounted to Excessive Force in Violation of Plaintiffs' Fourth Amendment Rights</u>

A claim of excessive force is analyzed by determining whether an officer's actions were objectively reasonable in light of surrounding facts and circumstances.  <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989); <u>Allen v. Muskogee, Oklahoma</u>, 119 F.3d 837 (10th Cir. 1997).  A determination of the reasonableness of police conduct requires careful attention to the facts and circumstances of a case including the severity of the crime, whether the suspect poses an immediate threat to the safety of officers or others, and whether the suspect is resisting or attempting to evade arrest.  <u>Graham</u>, 490 U.S. at 396.

In response to Defendants' motion, Plaintiffs argue that Officer Scarafiotti had no reasonable basis to believe that any of the Plaintiffs constituted a threat to him or anyone else.  Additionally, Plaintiffs contend that Officer Scarafiotti had no reasonable basis to believe that Plaintiffs were attempting to evade, elude, or resist arrest.  Finally, Plaintiffs advance that the crime for which Officer Scarafiotti stopped the Plaintiffs was not a serious crime because it only involved an 11 year old boy shooting at an antelope from the back of a pickup truck.

Even if Officer Scarafiotti had no reasonable basis to believe Plaintiffs were evading arrest, the facts and circumstances surrounding the stop of Wheeler's truck are such that the amount of force used by Officer Scarafiotti was objectively reasonable.  Regardless of the actual severity of the crime of shooting at an antelope from a pickup truck, it is a crime involving a firearm.  It was objectively reasonable for Officer Scarafiotti to believe that Plaintiffs were armed when Wheeler

5

stopped his truck.  It was thus objectively reasonable for Officer Scarafiotti and his fellow officer to place their hands on or near their guns when Alpers exited the truck and started toward them.  It was also reasonable for Officer Scarafiotti and his fellow officer to crouch behind the doors of their vehicle and scream at Plaintiffs to raise their hands above their heads.  Therefore, Plaintiffs have failed to show that the alleged acts of Officer Scarafiotti were not objectively reasonable and amounted to excessive force such that his actions violated Plaintiffs' Fourth Amendment Rights.

  B.  <u>Plaintiffs' Burden of Showing That Defendants Violated Clearly Established Law</u>

  Even if the alleged conduct of Defendants violated Plaintiffs' Fourth Amendment rights, Plaintiff must also show that it was clearly established, at the time of the alleged conduct, that such conduct would violate the Plaintiffs' rights.  Plaintiffs have not offered any Supreme Court authority, Tenth Circuit authority, or weight of authority from other circuits that would show that it was clearly established that conduct of Defendants such as that alleged in Plaintiffs' Complaint would violate Plaintiffs' Fourth Amendment rights.

  Conversely, Defendants offered cases to support a finding that it was clearly established, at the time of the incidents alleged in Plaintiffs' Complaint, that an officer would not violate a person's Fourth Amendment rights by placing his hand on or near his weapon when stopping a vehicle if the officer had reason to believe it is necessary for his own protection.  <u>See</u> <u>United States v. Merkley</u>, 988 F.2d 1062 (10th Cir. 1993) (finding that a law enforcement officer has a right to take reasonable steps to protect himself when faced with the possibility of danger); <u>United States v. Perdue</u>, 8 F.3d 1455 (10th Cir. 1993) (stating that officers are not required to take unnecessary risks in performing their duties and are authorized to protect their personal safety by reasonably necessary means); <u>United States v. Merritt</u>, 695 F.2d 1263 (10th Cir. 1982) (finding

6

that an officer's use of gun during a Terry stop is permissible if the officer reasonably believes it necessary for his own protection).  In Perdue, the Tenth Circuit specifically stated that an officer need not unnecessarily risk his life when encountering a suspect whom he reasonably believes is armed and dangerous.  8 F.3d at 1463.

Plaintiffs have failed to meet their burden of showing that it was clearly established, at the time of the event alleged in Plaintiffs' Complaint, that the Defendants' alleged conduct would violate Plaintiffs' Fourth Amendment rights.  Therefore, Defendants are entitled to summary judgment on Plaintiffs' Fourth Amendment Excessive Force claim on the basis of Qualified Immunity.

II.     PLAINTIFFS' STATE TORT CLAIM FOR ASSAULT

Under New Mexico law, "an assault requires a threat or menacing conduct which causes another person to reasonably believe he is in danger of receiving an immediate battery."  Romero v. Sanchez, 895 P.2d 212, 215 (N.M. 1995).  In attempting to make an arrest or preserving the peace, a police officer is entitled to use such force as is reasonably necessary under all the facts and circumstances of a case.  Mead v. O'Connor, 344 P.2d 478, 479 (N.M. 1959).   The use of reasonable force is an affirmative defense for a police officer sued for the tort of assault.  See Mead, 344 P.2d at 479-80.  Thus, the issue for the Court on summary judgment is whether, viewing the facts and evidence in a light most favorable to Plaintiffs, there is sufficient evidence on which a jury could reasonably find for the Plaintiffs.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

As already explained above, Officer Scarafiotti and his fellow officer pulled over Wheeler's truck.  The officers had reason to believe that someone in the truck was in possession

of a firearm because they had witnessed a crime involving a firearm committed by someone in the bed of the truck.  When one of the adult occupants of the truck exited the truck cab and began approaching the officers, the officers placed their hands on or near their weapons, crouched behind the doors of their vehicle, screamed at Plaintiffs to raise their hands above their heads, and threatened to arrest Plaintiff Alpers.  I have already stated that the officers' conduct was objectively reasonable.  As a matter of law, even viewing all of the facts in a light most favorable to the Plaintiffs, no jury could reasonably find for the Plaintiffs on their claim against Defendants for assault.  Therefore, Defendants are entitled to summary judgment on this claim.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Joint Motion for Partial Summary Judgment No. I:  Dismissal of Plaintiffs' Fourth Amendment Excessive Force Claims on the Basis of Qualified Immunity and Assault Claims [Docket No. 23] is hereby GRANTED and Plaintiffs' claims in Count II of the Complaint are hereby DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE